TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING









NO. 03-98-00579-CV






Texas Alcoholic Beverage Commission, Appellant



v.



Amusement and Music Operators of Texas, Inc., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 98-06901, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 







 In a very articulate motion for rehearing, the Commission complains that our
holding in this case is at odds with this court's decision in Brinkley v. Texas Lottery Comm'n, 986
S.W.2d 764 (Tex. App.--Austin 1999, no pet.). We write to point out the distinctions, if they
were not clear earlier, between the memoranda issued here by the Alcoholic Beverage Commission
and the letters sent by the Lottery Commission in Brinkley.

 While both agency statements address the legality of eight-liners, there the
similarity ends. In Brinkley, the Lottery Commission, which regulates bingo parlors and any
eight-liners placed in those halls, warned its licensees that eight-liners could be legal or illegal,
depending on how they were configured and operated. The Lottery Commission sent out two
letters to some 2500 licensees describing some of the criteria that might be used by the licensee
to evaluate the legality of the eight-liners in their bingo halls. The first letter stated: "This notice
is intended to make licensees aware of the agency's position and to afford an opportunity to
licensees for voluntary compliance." The second included a warning that the guidelines were
advisory and could not be guaranteed to determine legality. We held that these letters were
advisory and non-binding on the licensee:


 The letters sent by the Commission in this instance were, on their face,
simply advisory guidelines; they did not purport to express a final opinion on the
legality of eight-liners of any particular kind. We have previously noted the
valuable role such advisory opinions serve in administration. . . . Considering the
number of bingo-parlor licensees and the variety of ways in which eight-liners can
be configured, the practical value of the letters is obvious. Nothing in the letters
purports to foreclose an individual licensee from seeking, if he wishes, a formal
opinion from the Commission regarding particular eight-liners. While private
parties may voluntarily comply with such guidelines, they are not legally bound to
do so.



Brinkley, 986 S.W.2d at 770 n.9.

 By contrast, the memoranda issued by the Alcoholic Beverage Commission in this
case impose binding instructions on law enforcement agents that affect the private rights of all
owners of eight-liners. They are agency statements that implement, interpret or prescribe law or
policy; they amend or repeal a prior enforcement policy of the Commission; and they do not
constitute statements regarding only the internal management or organization of the Commission
without affecting private rights. Clearly, they are statements of general, not particular,
applicability. In WBD Oil & Gas Co. v. Railroad Commission of Texas, No. 3-97-002-CV (Tex.
App.--Austin Feb. 4, 1999, reh'g filed), we determined that field rules of the Railroad
Commission that satisfied this literal statutory definition could confer jurisdiction for a declaratory
judgment action challenging the rules' validity under APA section 2001.038. See slip op. at 15. 
We follow that holding here.



 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Appellant's Motion for Rehearing Granted

Filed: July 29, 1999

Publish



R2">


NO. 03-98-00579-CV






Texas Alcoholic Beverage Commission, Appellant



v.



Amusement and Music Operators of Texas, Inc., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 98-06901, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 







 In a very articulate motion for rehearing, the Commission complains that our
holding in this case is at odds with this court's decision in Brinkley v. Texas Lottery Comm'n, 986
S.W.2d 764 (Tex. App.--Austin 1999, no pet.). We write to point out the distinctions, if they
were not clear earlier, between the memoranda issued here by the Alcoholic Beverage Commission
and the letters sent by the Lottery Commission in Brinkley.

 While both agency statements address the legality of eight-liners, there the
similarity ends. In Brinkley, the Lottery Commission, which regulates bingo parlors and any
eight-liners placed in those halls, warned its licensees that eight-liners could be legal or illegal,
depending on how they were configured and operated. The Lottery Commission sent out two
letters to some 2500 licensees describing some of the criteria that might be used by the licensee
to evaluate the legality of the eight-liners in their bingo halls. The first letter stated: "This notice
is intended to make licensees aware of the agency's position and to afford an opportunity to
licensees for voluntary compliance." The second included a warning that the guidelines were
advisory and could not be guaranteed to determine legality. We held that these letters were
advisory and non-binding on the licensee:


 The letters sent by the Commission in this instance were, on their face,
simply advisory guidelines; they did not purport to express a final opinion on the
legality of eight-liners of any particular kind. We have previously noted the
valuable role such advisory opinions serve in administration. . . . Considering the
number of bingo-parlor licensees and the variety of ways in which eight-liners can
be configured, the practical value of the letters is obvious. Nothing in the letters
purports to foreclose an individual licensee from seeking, if he wishes, a formal
opinion from the Commission regarding particular eight-liners. While private
parties may voluntarily comply with such guidelines, they are not legally bound to
do so.



Brinkley, 986 S.W.2d at 770 n.9.

 By contrast, the memoranda issued by the Alcoholic Beverage Commission in this
case impose binding instructions on law enforcement agents that affect the private rights of all
owners of eight-liners. They are agency statements that implement, interpret or prescribe law or
policy; they amend or repeal a prior enforcement policy of the Commission; and they do not
constitute statements regarding only the internal management or organization of the Commission
without affecting private rights. Clearly, they are statements of general, not particular,
applicability. In WBD Oil & Gas Co. v. Railroad Commission of Texas, No. 3-97-002-CV (Tex.
App.--Austin Feb. 4, 1999, reh'g filed), we determined that field rules of the Railr